UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROY PENA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED § § § § Plaintiff, § § vs. § § DUPRE MARINE § TRANSPORTATION, LLC. § AND RORY DUPRE § § Defendants. | Docket No. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1.    Plaintiff Roy Pena ("Plaintiff") and other similarly situated persons have been employed by DUPRE MARINE TRANSPORTATION, LLC. ("Dupre Marine") and Rory Dupre (collectively, "Defendants") over the past three years as tankermen. In that time period, Defendants have failed to pay Plaintiff and all those similarly situated overtime as required by the Fair Labor Standards Act ("FLSA"). Instead, Defendants improperly and illegally paid Plaintiff and all those similarly situated a day rate. Plaintiff files this lawsuit on behalf of himself and all others similarly situated as a result of Defendants' violations of the FLSA to recover back

wages, unpaid overtime, attorney fees, costs, and any other remedies allowed under the FLSA. 29 U.S.C. § 201 *et seq.*

## II.   JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

3. Venue is proper in this Court, District, and Division pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff lives and worked within the Southern District of Texas during the relevant statutory time period.

5. Defendants operated vessels and barges within the Southern District of Texas.

6. The acts or omissions forming the basis of this lawsuit occurred within this District and Division.

## III.   THE PARTIES

7. Roy Pena worked for Defendants as a tankerman during the relevant statutory time period. He is a resident of Corpus Christi, Texas, which is within the Southern District of Texas. He worked within the Galveston Division of the Southern District of Texas for Defendants. His consent to be the named Plaintiff is attached as Exhibit A.

8. The class of similarly situated employees ("Putative Class Members" or "PCM") consists of:

> **ALL INDIVIDUALS WHO WERE EMPLOYED BY DUPRE MARINE TRANSPORTATION, LLC AND RORY DUPRE AS TANKERMEN WITHIN THE PAST THREE YEARS AND PAID A DAY RATE WITHOUT OVERTIME COMPENSATION**

9. Dupre Marine Transportation, LLC. ("Dupre Marine") is a foreign limited liability company doing business in Texas. Dupre Marine operates within the Southern District of Texas and within the Galveston Division. Dupre Marine requires its tankermen to work within the Southern District of Texas and the Galveston Division. Dupre Marine may be served by serving its registered agent Rory Dupre at 150 Winter Quarters Drive, Houma, LA 70360.

10. Rory Dupre is the owner and manager of Dupre Marine. Rory Dupre, along with Dupre Marine, formulated the illegal pay practices at issue in this case. Rory Dupre may be served at the address identified on the Louisiana Secretary of State website: 150 Winter Quarters Drive, Houma, LA 70360

11. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the workweek at issue in this case.

## IV.  FACTS

12.    Defendants employed Plaintiff and the PCMs as tankermen.  Plaintiff and the PCMs generally work well in excess of 40 hours in a single workweek, but Defendants refuse to pay overtime.  Instead, Defendants classified Plaintiff and the PCMs as exempt from the overtime requirements of the FLSA under the "seaman" exemption. Plaintiff, however, does not qualify for any FLSA exemption.  A tankerman's primary job duties are related to the loading, unloading and handling of liquid cargo from vessels and barges.  The controlling law makes it clear this is *non*-seaman's work.  Maritime employees who spend more than 20% of their time performing such duties are not *FLSA* "seamen" – and are thus not exempt. Therefore, Defendants owe back overtime wages to hundreds of their tankermen, all of whom work long hours each workweek.

## V.  COVERAGE UNDER THE FLSA

13.    At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.    At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.    At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in those said

enterprises have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in those said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiff and the PCMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI. FLSA VIOLATIONS

17. During the relevant time period, Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

18. Defendants knowingly, willfully, or in reckless disregard for the FLSA and applicable jurisprudence carried out their illegal pattern or practice of failing to pay Plaintiff overtime compensation. The decision by Defendants not to

properly pay overtime compensation to Plaintiff was neither reasonable nor in good faith. Accordingly, Plaintiff and the PCMs are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## VII.   COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff hereby incorporates the above allegations.

20. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

21. The PCMs all received a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

22. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies

and practices which are not dependent on the personal circumstances of the PCMs. Thus, Plaintiff's experiences are typical of the experiences of the PCMs.

23. The varying of specific job titles or precise job requirements of the various PCMs does not prevent collective treatment. All of the PCMs, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII. RELIEF SOUGHT

24. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to 29 U.S.C. § 216(b) and 29 C.F.R. § 791.2 finding Defendants jointly liable for unpaid back wages due to Plaintiff and the PCMs

   b. For an Order awarding liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the PCMs;

   c. For an Order awarding Plaintiff and the PCMs the costs of this action;

   d. For an Order awarding Plaintiff and the PCMs attorney fees;

   e. For an Order awarding Plaintiff and the PCMs unpaid benefits and compensation in connection with the FLSA violations;

f. For an Order awarding Plaintiff and the PCMs pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Andrew W. Dunlap
      Michael A. Josephson
      Fed. Id. 27157
      State Bar No. 24014780
      mjosephson@fibichlaw.com
      Andrew W. Dunlap
      Fed Id. 1093163
      State Bar No. 24078444
      adunlap@fibichlaw.com
      Lindsay R. Itkin
      Fed Id. 1458866
      State Bar No. 24068647
      litkin@fibichlaw.com
      **FIBICH, LEEBRON, COPELAND,**
        **BRIGGS & JOSEPHSON, L.L.P.**
      1150 Bissonnet Street
      Houston, Texas 77005
      713-751-0025 – Telephone
      713-751-0030 – Facsimile
      mjosephson@fibichlaw.com
      adunlap@fibichlaw.com

**AND**

      Richard J. (Rex) Burch
      Fed. Id. 21615
      Texas Bar No. 24001807
      **BRUCKNER BURCH, P.L.L.C.**
      8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**